Paul Ferrier and Doris J. Ferrier v. Commissioner.
Ferrier v. Commissioner
Docket No. 5401-64.
United States Tax Court
T.C. Memo 1968-90; 1968 Tax Ct. Memo LEXIS 209; 27 T.C.M. (CCH) 420; T.C.M. (RIA) 68090; May 16, 1968. Filed *209 Held: Petitioners have not established entitlement to a casualty loss deduction under section 165(c)(3), I.R.C. 1954. Charles B. Sklar, for the respondent. BRUCE Memorandum Opinion BRUCE, Judge: Respondent determined a deficiency in the income tax of the petitioners for the year 1962 in the amount of $64.01. The deficiency arose out of the disallowance by respondent of a claimed casualty loss in the amount of $277.00, for the reason, as set forth in the Statement attached to the Notice of Deficiency, that "It is determined that the deduction of $277.00 you claim as a casualty loss on your 1962 income tax return is a personal expenditure and not allowable as a casualty loss under the internal revenue laws." Petitioners *210 alleged that the respondent erred in this determination. The only question presented is whether the petitioners are entitled to a deduction in the amount of $277.00, or in any amount, as a casualty loss. 421 The petitioners are husband and wife. At the time the petition herein was filed, they resided in Fort Worth, Texas. They subsequently moved to Smyrna, Georgia, and at their request the place of trial was changed from Fort Worth to Atlanta, Georgia. Neither of the petitioners appeared in person or by counsel when the case was called for trial. A written "Motion," wherein the petitioners asked that "the trial may proceed and the case be regarded as submitted on the part of the absent parties" and that "the Court may accept a brief in lieu of personal appearance," having been received by the Court through the mail, it was directed that the case be submitted on the pleadings and record presented. A document entitled "Brief in lieu of personal appearance" was received and filed at the same time. Neither the petition nor the amendment thereto (which was filed to supply a complete copy of the notice of deficiency and statement) filed by the petitioners herein contains any recital *211 of facts describing the events or nature of the "casualty" out of which the claimed loss arose. Nor does the so-called "Brief in lieu of personal appearance" contain any recital of such facts. A number of documents were attached to the "Brief," marked as exhibits. Except for a few cancelled checks and garage repair bills, these are disconnected, ambiguous and confusing statements of the petitioners relating to discussions which they had with respondent's auditing agents prior to issuance of the notice of deficiency. None of them are properly admissable as evidence herein, not having been appropriately identified and offered, and particularly since none of the persons who made them were presented for cross-examination. While the cancelled checks appear to be for the amounts shown on the garage repair bills, we are unable to determine what, if any, of the repairs were necessitated by reason of accident or casualty. Section 165(c) of the Internal Revenue Code of 1954, effective during the taxable year, allows a deduction for losses arising from fire, storm, shipwreck, or other casualty. The burden was on the petitioners to establish that the damages claimed resulted *212 from a "casualty" within the meaning of this section. Rule 32, Tax Court Rules of Practice. They have not done so. Petitioners having failed to establish that the damages to their automobile were due to "casualty" within the meaning of section 165(c), we hold that respondent did not err in disallowing the deduction claimed. Decision will be entered for the respondent.